FILED

2026 Aug-05 PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **BOOSTR, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **SUNTRONICS LED, INC.,** ) | |
| **COLTON MILLER,** *and* ) | |
| **GEORGE B. LEECH,** ) | |
| ) | |
| **Defendants.** ) | |

## VERIFIED COMPLAINT

**COMES NOW,** the Plaintiff, Boostr, LLC, by and through the undersigned counsel, and files this Verified Complaint against Defendants Suntronics LED, Inc., Colton Miller, and George B. Leech, and complains as follows:

## PARTIES

1. Plaintiff Boostr, LLC ("Boostr") is a domestic limited liability company, doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama with a principal place of business located in the State of Alabama.

2. Defendant Suntronics LED, Inc. ("Suntronics) is a domestic corporation, doing business in Alabama, chartered, organized, formed, and existing under the laws of Alabama with a principal place of business located in the State of Alabama. At all times relevant hereto, Suntronics acted through its representatives, agents,

and/or employees that were performing actions on behalf and for the benefit of Suntronics within the scope of their employment or agency.

3.    Defendant Colton Miller is over the age of nineteen (19) years old and is a resident citizen of Lauderdale County, Alabama. At all times relevant hereto, Miller was acting individually and within the scope of his agency and/or employment with Suntronics.

4.    Defendant George B. Leech is over the age of nineteen (19) years old and is a resident citizen of Lauderdale County, Alabama. At all times relevant hereto, Leech was acting individually and within the scope of his agency and/or employment with Suntronics.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to:

a.    28 U.S.C. § 1331 as this action involves a federal question and arises under the Constitution, laws, or treaties of the United States;

b.    28 U.S.C. § 1338 as this action arises under an Act of Congress related to copyrights;

c.    15 U.S.C. § 1121 as this action arises under the Lanham Act; *and*

d.    This Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to entertain claims arising under state law when such claims are so related to

the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over the Defendants because the acts, events, and/or omissions of or by the Defendants that gave rise to this action occurred in Alabama.

7. Venue is proper in this district pursuant to:

a. 28 U.S.C. § 1391 as the Defendant resides in this district, and all defendants are residents of the State where this district is located; and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district; and

b. 28 U.S.C. § 1400 as the Defendant resides in this district and this action involves a civil action, suit, or proceeding arising under an Act of Congress relating to copyrights.

## FACTS

8. Boostr manufactures, installs, and services video boards, score boards, scores tables, indoor and outdoor signage, and other video displays, as well as provides services related to these products.

9. In the past, Suntronics supplied LED video boards to Boostr which Boostr incorporated into their display product.

10. Suntronics no longer supplies such LED video boards to Boostr.

11. Recently, Suntronics has rebranded itself as a direct and indirect competitor to Boostr and now sells similar display products as Boostr directly to consumers.

12. The parties' products are sold through and marketed to the same or overlapping types of consumers, including, schools, colleges, universities, churches, governmental agencies, and private businesses.

13. Defendant Miller is an employee and/or agent of Suntronics. At all times relevant hereto, Suntronics had the right to select, retain, supervise, direct, and discharge Miller; controlled or had the right to control the manner and means by which Miller performed the work at issue; provided or controlled the equipment, systems, policies, procedures, and premises used in performing the work; and held out or permitted Miller to hold himself out as authorized to act on Suntronics' behalf. Miller performed the conduct alleged herein for the benefit of, and in the ordinary course of business of, Suntronics.

14. Defendant Leech is an employee and/or agent of Suntronics. At all times relevant hereto, Suntronics had the right to select, retain, supervise, direct, and discharge Leech; controlled or had the right to control the manner and means by which Leech performed the work at issue; provided or controlled the equipment, systems, policies, procedures, and premises used in performing the work; and held out or permitted Leech to hold himself out as authorized to act on Suntronics' behalf.

Leech performed the conduct alleged herein for the benefit of, and in the ordinary course of business of, Suntronics.

15. During its rebranding and continuing to this day, Defendants directly, copied, used, published, and disseminated several photographs of various video boards, score boards, or display signage that was manufactured, installed, fixated, and captured by Boostr.

16. Boostr never licensed the use of these photographs to Defendants, nor did Boostr consent to Defendants' usage of these photographs.

17. Boostr is, and at all relevant times has been, the owner and exclusive rights holder of the copyrighted works detailed herein and at issue in this action.

18. The Defendants have committed acts of infringement by marketing, reproducing, distributing, displaying, transmitting, and otherwise exploiting the copyrighted material.

19. The copyrighted material (hereinafter, collectively "Copyrighted Works" or "Copyrighted Work")[1] is detailed as follows:

    a. Title: AthensVB1

        i. Type of Work: Photograph

        ii. Date of Creation/Publication: December 10, 2019

        iii. Copyright Registration Number: VA 2-509-667

---

[1] Upon request, Boostr will provide a copy of the original Copyrighted Works and Certificates of Registration.

        iv.   Registration Effective Date: June 24, 2026

        v.   Ownership Basis: Creator/Owner

b.   Title: DaleCntyVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: September 2020

        iii.   Copyright Registration Number: VA 2-509-221

        iv.   Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

c.   Title: BarbourCntyVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: September 2020

        iii.   Copyright Registration Number: VA 2-509-221

        iv.   Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

d.   Title: WMVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: June 2020

        iii.   Copyright Registration Number: VA 2-509-221

        iv.   Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

e.  Title: RedBayVB1

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: January 2020

    iii.  Copyright Registration Number: VA 2-509-221

    iv.  Registration Effective Date: June 23, 2026

    v.  Ownership Basis: Creator/Owner

f.  Title: CoffCntyVB1

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: January 11, 2021

    iii.  Copyright Registration Number: VA 2-509-676

    iv.  Registration Effective Date: June 24, 2026

    v.  Ownership Basis: Creator/Owner

g.  Title: ClevelandSB2

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: June 2022

    iii.  Copyright Registration Number: VA 2-509-220

    iv.  Registration Effective Date: June 23, 2026

    v.  Ownership Basis: Creator/Owner

h.  Title: ACASB1

    i.  Type of Work: Photograph

    ii.   Date of Creation/Publication: September 2022

    iii.  Copyright Registration Number: VA 2-509-220

    iv.  Registration Effective Date: June 23, 2026

    v.   Ownership Basis: Creator/Owner

i. Title: PirateSB1

    i.   Type of Work: Photograph

    ii.   Date of Creation/Publication: September 2022

    iii.  Copyright Registration Number: VA 2-509-220

    iv.  Registration Effective Date: June 23, 2026

    v.   Ownership Basis: Creator/Owner

j. Title: TrojansVB1

    i.   Type of Work: Photograph

    ii.   Date of Creation/Publication: September 2022

    iii.  Copyright Registration Number: VA 2-509-220

    iv.  Registration Effective Date: June 23, 2026

    v.   Ownership Basis: Creator/Owner

k. Title: BeulahVB1

    i.   Type of Work: Photograph

    ii.   Date of Creation/Publication: September 2022

    iii.  Copyright Registration Number: VA 2-509-220

        iv. Registration Effective Date: June 23, 2026

        v. Ownership Basis: Creator/Owner

l. Title: EaglesSB1

        i. Type of Work: Photograph

        ii. Date of Creation/Publication: September 2022

        iii. Copyright Registration Number: VA 2-509-220

        iv. Registration Effective Date: June 23, 2026

        v. Ownership Basis: Creator/Owner

m. Title: ClevelandSB1

        i. Type of Work: Photograph

        ii. Date of Creation/Publication: June 2023

        iii. Copyright Registration Number: VA 2-509-219

        iv. Registration Effective Date: June 23, 2026

        v. Ownership Basis: Creator/Owner

n. Title: ThorsbyVB1

        i. Type of Work: Photograph

        ii. Date of Creation/Publication: March 2023

        iii. Copyright Registration Number: VA 2-509-219

        iv. Registration Effective Date: June 23, 2026

        v. Ownership Basis: Creator/Owner

o.  Title: PageSB1

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: June 2023

    iii.  Copyright Registration Number: VA 2-509-219

    iv.  Registration Effective Date: June 23, 2026

    v.  Ownership Basis: Creator/Owner

p.  Title: ChiltonCntyVB1

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: November 2023

    iii.  Copyright Registration Number: VA 2-509-219

    iv.  Registration Effective Date: June 23, 2026

    v.  Ownership Basis: Creator/Owner

q.  Title: SparkmanVB1

    i.  Type of Work: Photograph

    ii.  Date of Creation/Publication: March 2023

    iii.  Copyright Registration Number: VA 2-509-219

    iv.  Registration Effective Date: June 23, 2026

    v.  Ownership Basis: Creator/Owner

r.  Title: WinfieldVB1

    i.  Type of Work: Photograph

        ii.   Date of Creation/Publication: January 2023

        iii.  Copyright Registration Number: VA 2-509-219

        iv.  Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

s.   Title: VerbenaVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: November 2023

        iii.  Copyright Registration Number: VA 2-509-219

        iv.  Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

t.   Title: GKVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: October 2023

        iii.  Copyright Registration Number: VA 2-509-219

        iv.  Registration Effective Date: June 23, 2026

        v.   Ownership Basis: Creator/Owner

u.   Title: GreenLevelVB1

        i.   Type of Work: Photograph

        ii.   Date of Creation/Publication: January 31, 2024

        iii.  Copyright Registration Number: VA 2-509-680

iv.    Registration Effective Date: June 24, 2026

v.    Ownership Basis: Creator/Owner

20.  These Copyrighted Works are original and copyrightable subject matter under the Copyright Act.

21.  Boostr has complied with all applicable statutory formalities necessary to secure and maintain copyright protection in the Copyrighted Works.

22.  All of the Copyrighted Works have been registered with the United States Copyright Office, and Boostr has been issued a Certificate of Registration for these Copyrighted Works.

23.  Without Boostr's authorization, Defendants have copied, reproduced, downloaded, uploaded, displayed, distributed, performed, sold, licensed, advertised, promoted, and/or prepared derivative works from one or more of the Copyrighted Works.

24.  In particular, Defendants distributed and transmitted the Copyrighted Works by and through their website (suntronicsled.com) and brochure, as well as Suntronics' and the individual Defendants' social media pages.

25.  Around March or April of 2025, Booster discovered the unauthorized and infringing publication of the Copyrighted Works by the Defendants which continued thereafter.

26. Defendants reproduced, transmitted, and disseminated an exact copy or an unauthorized derivative work of these Copyrighted Works, or otherwise displayed these Copyrighted Works publicly without authorization, consent, or permission.

27. Defendants had access to the Copyrighted Works before engaging in the infringing conduct because Boostr published the Copyrighted Works on their website and social media pages.

28. Defendants' infringing material is substantially similar, and in material respects identical, to the protectable elements of the Copyrighted Works.

29. Boostr neither granted Defendants a license, assignment, or authorization to use the Copyrighted Works nor consented or otherwise permitted or allowed Suntronics to use the Copyrighted Works in the manner described herein.

30. Prior to the initiation of this lawsuit, Boostr contacted authorized representatives, agents, and employees of Suntronics and the individual Defendants and demanded that the infringing material be removed from Defendants' website, brochure, and social media pages.

31. The Defendants refused to remove any of the infringing material and content even after being notified of the infringement.

32. Prior to the initiation of this lawsuit, Boostr sent notices pursuant to 17 U.S.C. § 512(c) to Suntronics' website host (Liquid Web), as well as Meta, Inc.

(Facebook), and demanded that the infringing material be removed and taken down ("DMCA Takedown Notices").

33. Even after the DMCA Takedown Notices were sent, the Defendants continued to refuse to remove the infringing material.

34. The Defendants' infringement has been and continues to be willful, intentional, knowing, and in reckless disregard of Boostr's rights because Boostr provided notice to the Defendants of Boostr's copyrighted ownership of the Copyrighted Works, and the Defendants continued to refuse to remove the infringing material.

35. The Defendants have continued the infringing conduct after receiving notice, failed to respond adequately, refused to cease use of the Copyrighted Works, and/or otherwise disregarded Boostr's rights.

36. Through the use of the Copyrighted Works, the Defendants have also claimed and represented through their website and social media pages that Boostr's product is their own.

37. At the time Suntronics supplied LED video boards to Boostr, Suntronics' LED video boards were a mere component of the displays manufactured by Boostr.

38. Boostr would incorporate the LED video boards supplied by Suntronics into Boostr's display products and create a video display, which included software, electrical components, and other components not supplied by Suntronics, that could

be used by its consumers for numerous applications, including score boards and display signage, that were customizable by the consumer.

39. Boostr also configured the score boards and display signage to allow for the consumer to create advertisement revenue, which was a service not supplied by Suntronics.

40. Through its website and social media pages, the Defendants falsely represented that the manufactured digital displays by Boostr were their own and manufactured by them.

41. These false representations confused and continue to confuse the affiliation of Boostr's products and mislead potential consumers to believe that Boostr's products were manufactured and created by Defendants.

42. In fact, Defendant Miller directly misrepresented to a customer of Boostr that Boostr's manufactured displays were created by Suntronics, which is wholly false and misleading.

43. The Defendants have not cured any of this false and misleading advertisement.

44. The Defendants' false and misleading advertisement is likely and has deceived a substantial segment of the intended consumers and audience.

45. Through its use of the Copyrighted Works, the Defendants have used Boostr's products to falsely represent and mislead consumers into believing that the

Defendants manufactured the displays created by Boostr which are depicted in the Copyrighted Works.

46. Boostr has lost sales and market share, lost profits, lost business opportunities, and suffered damages to its goodwill as a direct and proximate result of Defendants' unlawful conduct.

47. The Defendants have obtained revenues and profits that it would not have obtained absent its false and misleading advertisements.

48. Boostr's injuries are ongoing, and unless enjoined, the Defendants will continue to disseminate false and misleading information and advertisements, and Boostr will continue to suffer irreparable harm that cannot be fully remedied by monetary damages.

49. As a direct and proximate result of the Defendants' conduct, Boostr has suffered and will continue to suffer substantial and irreparable injury, including, without limitation, loss of licensing revenue, lost profits, lost business opportunities, market confusion, diminution of value of the Copyrighted Works, and damage to goodwill and reputation.

50. Unless enjoined by this Court, the Defendants will continue to infringe on Boostr's rights and cause Boostr immediate and irreparable harm for which there is no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT

51. The Plaintiff adopts and incorporates by reference the allegations set forth in the above paragraphs of the Verified Complaint, as if set forth herein in their entirety.

52. Boostr owns valid copyrights in the Copyrighted Works and possesses the exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce, prepare derivative works from, distribute, and publicly display the Copyrighted Works.

53. The Defendants violated Boostr's exclusive rights by reproducing, distributing, publicly displaying, preparing derivative works from, and/or otherwise exploiting the Copyrighted Works without authorization or permission.

54. The Defendants' acts and conduct constitute infringement under 17 U.S.C. § 501.

55. The Defendants' infringement has been willful, deliberate, and in disregard of Boostr's rights, entitling Boostr to enhanced statutory damages to the extent available under 17 U.S.C. § 504(c)(2).

56. All of the Copyrighted Works have been properly registered with the United States Copyright Office.

57. As a direct and proximate result of Defendants' acts and conduct, Boostr has suffered substantial damages.

WHEREFORE, the premises considered, the Plaintiff demands injunctive relief and a judgment against the Defendants, jointly and severally, for damages including, without limitation, Plaintiff's actual damages and any additional profits of Defendant attributable to the infringement under 17 U.S.C. § 504(b); alternatively, for any timely registered Copyrighted Work, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement; preliminary, permanent, and other injunctive relief under 17 U.S.C. § 502; impoundment, seizure, forfeiture, and destruction or other reasonable disposition of infringing copies and materials used to make them under 17 U.S.C. § 503; full costs and, where permitted, reasonable attorneys' fees under 17 U.S.C. § 505; pre-judgment and post-judgment interest as allowed by law; and for any other and further relief as the Plaintiff is entitled to or the Court deems just and proper.

## COUNT II
## VIOLATION OF LANHAM ACT: FALSE AND/OR MISLEADING ADVERTISEMENT

58. The Plaintiff adopts and incorporates by reference the allegations set forth in the above paragraphs of the Verified Complaint, as if set forth herein in their entirety.

59. The Defendants, in commercial advertising and/or promotion, have misrepresented the nature, characteristics, qualities, geographic origin, sponsorship, approval, affiliation, and/or commercial relationship of Boostr's products displayed

on the Defendants' website and social media pages and the Defendants' commercial activities.

60. The Defendants have used false and/or misleading information and descriptions of fact and/or false misrepresentations of fact, including that Boostr's products were their own and manufactured by the Defendants.

61. The Defendants' representations are false and/or misleading in context and are likely to deceive reasonable consumers, and the false misrepresentation are material as they are likely to influence purchasing decisions.

62. These false and/or misleading representations have been published on Defendants' website, brochure, and social media pages.

63. Boostr has been injured, and is likely to continue to be injured, by Defendants' false and misleading advertising through diverted sales, lost market share, lost profit, lost business opportunities, price erosion, loss of goodwill, reputational harm, and other competitive injuries.

64. The Defendants' conduct violates the Lanham Act as codified in 15 U.S.C. § 1125(a).

65. The Defendants' actions and conduct were willful, deliberate, intentional, and/or undertaken with a reckless disregard for the truth and Boostr's rights.

66. As a direct and proximate result of Defendants' actions and conduct, Boostr has suffered severe and substantial damages.

**WHEREFORE, the premises considered,** the Plaintiff demands injunctive relief in accord with 15 U.S.C. § 1116(a) and a judgment against the Defendants, jointly and severally, for damages including, without limitation, Plaintiff's actual damages, including without limitation, lost profits, lost sales, corrective-advertisement damages, and other damages proved a trial, enhanced damages of the Plaintiff and Defendants' profit as permitted under 15 U.S.C. § 1117(a), pre-judgment and post-judgment interest as permitted by law, costs, disbursements, and reasonable attorney's fees as permitted under 15 U.S.C. § 1117(a), and for any other and further relief as the Plaintiff is entitled to or the Court deems just and proper.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

67. The Plaintiff adopts and incorporates by reference the allegations set forth in the above paragraphs of the Verified Complaint, as if set forth herein in their entirety.

68. Boostr has existing and prospective business relationships with actual and potential customers, distributors, retailers, referral sources, and other commercial parties for the sale of video displays.

69. The Defendants knew of Boostr's business relationships and prospective business relationships, or reasonably should have known them, since Boostr and Defendants now compete in the market for video displays, serve the same or

overlapping customer or customer classes, and market their respective products and/or services through the same or overlapping channels of trade.

70. Through its use of the Copyrighted Works and publications of Boostr's product on the Defendants' website and social media pages and dissemination of false and/or misleading advertisements, the Defendants intentionally interfered with Boostr's business relationships, engaged in intentionally false and/or misleading advertising, and misrepresented Boostr's products as their own.

71. The Defendants knew that the disseminated false and/or misleading advertisements were false when made or made them with reckless disregard for their truth or falsity.

72. The false and/or misleading advertisements were made deliberately to influence customers and prospective customers to refrain from purchasing Boostr's products and/or services and instead purchase Defendants' competing products and/or services.

73. The Defendants' intentional dissemination of the false advertisements was not justified, privileged, or the product of legitimate competition.

74. The Defendants used wrongful means – knowingly false and/or misleading commercial representations – to interfere with Boostr's business relationships and prospective business relationships.

75. As a direct and proximate result of Defendants' actions and conduct, Boostr has suffered severe and substantial damages.

76. The Defendants' conduct was willful, malicious, oppressive, fraudulent, and/or undertaken in conscious disregard of Boostr's rights.

77. Boostr has no adequate remedy at law for the continuing loss of customer relationships, goodwill, market position, and current and prospective business opportunities caused by the Defendants.

**WHEREFORE, the premises considered,** the Plaintiff demands injunctive relief and a judgment against the Defendants, jointly and severally, for compensatory damages including, without limitation, lost sales, lost customers, loss of business opportunities, lost profit, price erosion, damage to goodwill and reputation, and other economic harm, punitive damages, pre-judgment and post-judgment interest as permitted by law, costs, and reasonable attorney's fees as permitted by law, and for any other and further relief as the Plaintiff is entitled to or the Court deems just and proper.

## COUNT IV
## NEGLIGENCE AND/OR WANTONNESS

78. The Plaintiff adopts and incorporates by reference the allegations set forth in the above paragraphs of the Verified Complaint, as if set forth herein in their entirety.

79. The Defendants undertook to develop, review, approve, publish, disseminate, and maintain commercial advertising and promotional materials concerning Boostr's product and displays, including false and misleading representations that Boostr's products and displays were their own.

80. In undertaking these activities, the Defendants owed Plaintiff a duty to exercise reasonable care to ensure that its commercial advertising and promotional materials and representations were accurate, not misleading, and not disseminated in a manner reasonably likely to cause foreseeable economic harm to Plaintiff through false statements, consumer deception, or unfair diversion of business.

81. The Defendants also owed Plaintiff a duty not to negligently, knowingly, recklessly, and/or wantonly disseminate false and/or misleading information and commercial statements concerning Plaintiff, Plaintiff's products or services, and/or Defendants' competing products or services.

82. The Defendants breached their duties by creating, reviewing, approving, publishing, disseminating, and continuing to disseminate false and/or misleading information, advertisements, and commercial representations, including representations that Boostr's products were their own.

83. The Defendants failed to exercise reasonable care in one or more of the following respects:

a. Failing to conduct an adequate investigation or substantiation of the truth and accuracy of its advertising claims before disseminating them;

b. Failing to implement and follow reasonable procedures for verifying advertising claims before publication and dissemination;

c. Failing to correct, withdraw, revise, or qualify false and/or misleading advertising after Defendants knew or should have known that the advertising was false and/or misleading;

d. Failing to provide accurate, clear, and non-misleading information to consumers and commercial counterparts; and

e. Otherwise failing to use reasonable care in creating, approving, distributing, and maintaining its commercial advertising and promotional materials.

84. The Defendants knew, or in the exercise of reasonable care should have known, that its false and/or misleading advertising would likely reach and influence Plaintiff's current and prospective customers and would foreseeably cause Plaintiff economic harm, including without limitation, diverted sales, lost business opportunities, lost profits, price erosion, and damages to goodwill and reputation.

85. Defendants negligently, wantonly, recklessly, consciously, and/or intentionally engaged in, authorized, ratified, and/or continued the conduct alleged herein with knowledge that injury and damage to the Plaintiff was likely or probable, or with reckless or conscious disregard of that likelihood.

86. As a direct and proximate result of Defendants' actions, conduct, and/or omissions, the Plaintiff has suffered and will continue to suffer damages, including without limitation, lost sales, lost profits, lost customers, lost business opportunities, price erosion, damage to goodwill and reputation, and other economic losses.

87. The Defendants' conduct and actions were committed with a conscious disregard to Plaintiff's rights and the foreseeable consequences of Defendants' conduct.

**WHEREFORE, the premises considered,** the Plaintiff demands injunctive relief and a judgment against the Defendants, jointly and severally, for compensatory damages including, without limitation, lost sales, lost customers, loss of business opportunities, lost profit, price erosion, damage to goodwill and reputation, and other economic harm, punitive damages, pre-judgment and post-judgment interest as permitted by law, costs, and reasonable attorney's fees as permitted by law, and for any other and further relief as the Plaintiff is entitled to or the Court deems just and proper.

*Respectfully submitted this* __3rd__ *day of August, 2026.*

BOOSTR, LLC

By: Greg Crowe
Its: Managing Member

STATE OF _Alabama_ )

)

_Tuscaloosa_ COUNTY )

I, the undersigned authority, a Notary Public in and for said County and State, hereby certify that **GREG CROWE**, as managing member and on behalf of Boostr, LLC, whose name is signed to the foregoing document, and who is known to me, acknowledged before me on this day that, being informed of the contents of the same, he or she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the _3rd_ day of _____ _August_, 20 _26_.

Notary Public   My Commission Expires
                 August 1, 2027
MCE: _____

s/ _Bobby H. Cockrell, Jr._
Bobby H. Cockrell, Jr.
Bar Number: ASB-1332-E47B
Attorney for Plaintiff
bcockrell@ccrr.law

s/ _G. Scotch Ritchey, Jr._
G. Scotch Ritchey, Jr.
Bar Number: ASB-6144-Q55D
Attorney for Plaintiff
sritchey@ccrr.law

## JURY DEMAND

The Plaintiff in the above-entitled cause demands a jury for the trial of said cause.

*Respectfully submitted this* 3rd *day of* August *, 20*26

s/ Bobby H. Cockrell, Jr.
Bobby H. Cockrell, Jr.
Bar Number: ASB-1332-E47B
Attorney for Plaintiff
bcockrell@ccrr.law

s/ G. Scotch Ritchey, Jr.
G. Scotch Ritchey, Jr.
Bar Number: ASB-6144-Q55D
Attorney for Plaintiff
sritchey@ccrr.law

**OF COUNSEL:**
COCKRELL, COCKRELL, RITCHEY & RITCHEY, LLP
1409 University Boulevard
Tuscaloosa, Alabama 35401
Telephone: (205) 349-2009
Facsimile: (205) 758-3090

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have on the above stated date, served a copy of the foregoing upon the following via private process server, and/or by U.S.P.S. certified mail, return service requested, with adequate postage prepaid, and/or electronic mail, and/or regular mail, and/or hand delivered, and/or by filing a copy of the foregoing using the AlaFile system which will automatically notify all counsel of record, and/or by filing a copy of the foregoing with the Clerk of Court using the CM/ECF system which will provide notice to the following CM/ECF participants:

**Suntronics LED, Inc.**
c/o George B. Leech, Registered Agent
17029 HWY 72
Rogersville, AL 35652

**Colton Miller**
17029 HWY 72
Rogersville, AL 35652

**George B. Leech**
17029 HWY 72
Rogersville, AL 35652

*s/ G. Scotch Ritchey, Jr.*
*Of Counsel*